IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD R. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:05-cv-00865-B |
| ) | [wo] |
| JOANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald R. Johnson ("Johnson") appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits under Title II, 42 U.S.C. §§ 401 *et seq.* and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.* of the Social Security Act. Considered examination of the record, briefs, and the relevant law inform the court's conclusion that the Commissioner's decision should be affirmed.

### I. PROCEDURAL HISTORY

Johnson filed an application alleging disability since October 27, 2003. Denied administratively and represented by counsel, Johnson received a requested hearing before an Administrative Law Judge ("ALJ"), who rendered an unfavorable decision. Forty-eight years old at the time of the hearing, Johnson has a high-school education. He has not engaged in substantial gainful work since the alleged onset date of disability

The ALJ determined these severe impairments – *chronic pulmonary disease*; *obstructive sleep apnea*; *asthma*; and *degenerative joint disease of the knees* – but concluded that Johnson's severe and not severe impairments, considered singularly and in combination, do not meet or medically equal one

of the listed impairments in 20 C.F.R. Part 404, Appendix 1 to Subpart P. Although he deemed credible Johnson's allegations regarding the existence of impairments, the ALJ found that the record did not substantiate the degree of limitation alleged. Because he also determined that Johnson retained the residual functional capacity ("RFC") to perform his past relevant work as an assignment clerk, the ALJ concluded that Johnson is not disabled.[1]

In response to the ALJ's adverse decision on March 17, 2005, Johnson presented to the Appeals Council purportedly "new and material" evidence from his treating physician, Dr. Sexton, who had also rendered opinions to the ALJ. Dr. Sexton maintained that Johnson is limited in his ability to work. The Appeals Council did consider this submission but disagreed with Johnson's assessment that it provided a basis for modifying the ALJ's ruling. Finding no reason to review the ALJ's decision, the Appeals Council denied Johnson's request.

The Appeals Council's order denying review is a "final decision" of the Commissioner under 42 U.S.C. §405(g). This appeal to the United States District Court is timely and proceeds pursuant to 42 U.S.C. §405(g) and 28 U.S.C. §636(c).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied."

---

[1] R. 21, 24-28. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

*Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994). The case may be remanded to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g)[2]; under sentence six of 42

---

[2]A sentence four remand requires a finding that the Commissioner's decision either is not supported by substantial evidence or reflects an incorrect application of the relevant law. *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984).

U.S.C. § 405 (g)[3]; or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996).

In deciding whether the Commissioner erred in denying review of the ALJ's decision, the court also must consider additional evidence considered and made a part of the record by the Appeals Council in denying requested review. The Appeals Council will review a case if there appears to be an abuse of discretion by the ALJ, if there is an error of law, or if the ALJ's action, findings, or conclusions are not supported by substantial evidence. 20 C.F.R. § 416.1470; *see also, Parker v. Bowen*, 788 F.2d 1512, 1518 (11th Cir. 1986) (*en banc*). The Appeals Council's denial of review is subject to judicial review to determine if it is supported by substantial evidence. *Parker*, 788 F. 2d at 1520.

### III.  ISSUES

Johnson specifies four issues for review:

1. whether the ALJ erred by failing to properly evaluate the testimony of the vocational expert;

2. whether the ALJ erred by finding that Mr. Johnson's past relevant work was not precluded by his residual functional capacity;

---

After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

[3]Sentence six of 42 U.S.C. § 405 (g) authorizes the court to order " additional evidence to be taken before the Commissioner ... upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Because the parties must file modified findings of fact, the court retains jurisdiction and does not enter a final judgment until the completion of sentence six remand proceedings. *Jackson*, 99 F.3d at 1095.

3.  whether the ALJ erred by failing to properly evaluate Mr. Johnson's residual functional capacity; and

4.  whether the new evidence submitted to the Appeals Council warrants remand.[4]

All save the fourth issue attack the ALJ's step-four analysis in the five step sequential process for deciding disability and relate to the ultimate inquiry on this judicial review: whether the Commissioner's disability decision is supported by proper legal standards and by substantial evidence. The last issue, remand for consideration of newly submitted evidence, is governed by 42 U.S.C. §405(g).

## IV.  DISCUSSION

### A.  Consideration of Vocational Expert Testimony

Johnson challenges the ALJ's erroneous summary of, and reliance on, the vocational expert's testimony:  "Because the ALJ misquoted the vocational expert and erroneously found that the vocational expert testified that Mr. Johnson could return to his past relevant work, his decision is not based on substantial evidence."   The Commissioner concedes the ALJ's misstatement but argues harmless error.[5]  The court agrees.

Because the ALJ found at step four that Johnson could perform past relevant work, he is not obligated to obtain vocational expert testimony.  *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) (explaining that vocational expert testimony is required to determine RFC for

---

[4]Plaintiff's Brief ("*Pl.'s Br.*") at 1 (Doc. 14, filed Dec. 26, 2005).

[5]Plaintiff's Reply Brief ("*Pl.'s Reply Br.*") at 1-2 (Doc. 20, filed March 8, 2006); *see also Pl.'s Br.* at 3-5;  Memorandum in Support of the Commissioner's Decision ("*Def.'s Br.*") at 4 (Doc. 18, filed Feb. 22, 2006).

claimant who cannot return to past work); *see also McCovery v. Halter*, No. Civ.A.00-0195-CV-S, 2001 WL 936194 at *1 and *2 (S.D. Ala. May 4, 2001) (affirming propriety of ALJ's reliance on VE's response to hypothetical question in step-four finding that claimant can perform past relevant work); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (explaining that upon proof that claimant cannot perform past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."); *see also Hennes v. Comm'r of Social Security*, 130 Fed. Appx. 343 (11th Cir. 2005). Consequently, remand is not dictated on this claimed error.

### B. Assessment of Residual Functional Capacity

The ALJ determined that Johnson can perform his past relevant work as an assignment clerk– classified by the vocational expert as "sedentary and semiskilled"– because he retains the RFC to

> lift[] and carry[] 10 pounds frequently, 25 pounds occasionally, and 5 pounds constantly; stand[] 15 minutes at one time and 5 hours in an 8 hour day; walk[] 1 minute at a time and 15 minutes in an 8 hour day; sit[] no [sic] 60 minutes at a time and 8 hours in an 8 hour day; never climb[], kneel[], crouch[], crawl[], or crouch[]; no more than occasionally us[e] the left leg for pushing or pulling movements and no more than occasional stoop[]; frequently reach[] overhead; no exposure to extreme heat, wetness or humidity, fumes, noxious gases or poor ventilation, and no more than occasional exposure to moving mechanical parts or... driv[e] automotive equipment.[6]

Johnson challenges this RFC determination as inconsistent with both the exertional demands of his previous work and medical opinions on his functional limitations. Neither claim withstands analysis.

### 1. "Sedentary Work" exertional demands

The ALJ's finding of his ability to "walk[] 1 minute at a time and 15 minutes in an 8 hour

---

[6]R. 17.

day" is inconsistent, Johnson claims, with the exertional demands for an assignment clerk, "the ability to stand and walk for one-third of an eight hour day, or approximately 2 hours."[7] The Commissioner responds that the DOT's classification of Johnson's "assignment clerk" job as sedentary work requires an ability to "stand and/or walk **up to** one third of the time"; thus, he is not precluded from resuming that work if he can stand for 15 minutes at a time for 5 hours of an 8-hour day and walk for 15 minutes of an 8-hour day.[8]  Johnson replies that such limitations would require him to "change positions every hour," and he "would not be able to vary his sitting and standing by doing so at breaks, lunch periods, etc."  In Johnson's view, the ALJ's RFC assessment is "more consistent with a sit/stand option...than with a full range of sedentary work". [9]

---

[7]*Pl.'s Br.* at 7.  Johnson cites SSR 83-10 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday").

[8]*Def.'s Br.* at 5 (emphasis in original).

[9]*Pl.'s Reply Br.* at 5.  SSR 83-12 explains an alternate sit/stand option:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting or standing.  The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting.  Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>
> There are some jobs in the national economy–typically professional and managerial ones– in which a person can sit or stand with a degree of choice.  If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found

No detailed discussion is warranted. It is undisputed that sedentary work requires the ability to stand or walk up to 2 hours and sit for a total of 6 hours. The ALJ's RFC assessment falls within these exertional demands. Johnson is able to stand up to 5 hours in an 8-hour work day. While he is limited to sitting no more than one hour at a time, he may do so for a total of 8 hours. Johnson has failed to demonstrate that his sitting restrictions prevent his return to the sedentary and semi-skilled work of an assignment clerk. *See, e.g., Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) ("These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work."); *Lucas v. Sullivan*, 918 F. 2d 1567, 1571 (11th Cir. 1990). The court thus concludes that substantial evidence supports the ALJ's step-four determination that Johnson retains the RFC for his past relevant work.

### 2.  *Consideration of Medical Source Opinion*

The ALJ stated clearly his RFC finding and explained that his assessment

is supported by the opinion of Dr. King in Exhibit 6F; by the observations of Dr. Sexton in Exhibit 8F at 3 ("generally has done well") ("sleep apnea...controlled...") and at 4 ("asthma, stable"); by the opinion of the State Agency in Exhibit 4F (range of light work); by Dr. Sexton's observations in Exhibit #F at 1 ("done quite well...under good control"); and by the observations of Dr. Rasmussen in Exhibit 3F at 3 ("breathing well...no wheezes daily...no difficulty with regular exercise and activities...no major side effects...").[10]

---

disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications of the occupational base.

[10]R. 17.

Johnson contends that the ALJ's assessment on his ability to frequently reach overhead "directly conflicts with the opinion of the Dr. King, whose opinion [the ALJ] accepted."[11]  The Commissioner correctly notes:  "the ALJ did not 'accept' Dr. King's opinion or give it controlling weight.  Instead, he stated that his RFC determination was supported by Dr. King's opinion." Johnson insists nonetheless that the ALJ "implicitly rejected Dr. King's opinion regarding [his] ability to reach" and otherwise "failed to provide any rationale for his rejection of this opinion."[12]

While the ALJ did not adopt Dr. King's opinion that Johnson retained the RFC to reach overhead occasionally,  he clearly considered the consultative examiner's opinions on Johnson's functional limitations.[13]  There is simply "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision…is not a broad rejection which is 'not enough to enable [the district court…] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F. 3d 1206, 12110-1211 (11th Cir. 2005).[14]

---

[11]*Pl.'s Br.* at 8.  On a Medical Source Opinion (Physical) form dated September 7, 2004, consultative examiner Dr. King opined that Johnson could occasionally reach overhead.  (R. 177).

[12]*Def.'s Br.* at 6; *Pl.'s Reply Br.* at 3.

[13]R. 17-19.

[14]*See McCray v. Massanari*, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001)(An ALJ must consider all medical evidence that is credible, supported by clinical findings, and relevant to the question at hand…, but an ALJ is not required to discuss every piece of evidence submitted.); *Turner v. Barnhart*, 377 F. Supp. 2d 1165, 1168 (M.D. Ala. 2005)(ALJ not required to discuss every piece of evidence "but his opinion must describe his analysis with enough detail to satisfy a reviewing court that he gave all of the relevant evidence before him its due regard."); *Newsome v. Barnhart*, No. 1:04cv1231-SRW, 2006 U.S. Dist. LEXIS 54487 (M.D. Ala. July 12, 2006)(no error in ALJ's failure to cite treating psychologist's GAF score diagnosis where ALJ properly took into account psychologist's description of symptoms, limitations and treatment).

While the ALJ must consider all relevant evidence, he is not duty bound to adopt, in full or in part, opinions by any source concerning a claimant's residual functional capacity. *See Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997). Assessment of RFC falls squarely within the ALJ's province, but it must be based upon all relevant evidence of the claimant's ability to work despite impairments); *see also* SSR 96-5p. Consequently, remand is not warranted on this claimed error.

### C.     Consideration of New and Material Evidence

The Appeals Council denied review of the ALJ's decision after reviewing and making part of the record, a one-page letter dated April 19, 2005 by treating physician Sexton.[15] Johnson contends that this post-hearing submission satisfies the requirements of 42 U.S.C. §405(g) and the applicable caselaw.[16] The Commissioner maintains principally that the evidence fails to satisfy the *materiality* prong of the Eleventh Circuit's three-pronged standard for remand.[17]

The record before the ALJ did include Dr. Sexton's one-sentence opinion, dated August 25,

---

[15]R. 4-8.

[16]*Pl.'s Br.* at 9-11. For a remand under sentence six of 42 U.S.C. § 405(g), the claimant must establish that (1) there is new, non-cumulative evidence; (2) the evidence is material because it is relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. *Vega v. Commissioner of Social Security*, 265 F. 3d 1214 (11th Cir. 2001); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). Failure to establish any of these elements means that remand is not appropriate. *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987).

[17]*Def.'s Br.* at 7-8. Materiality of the evidence requires "a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d at 459. An additional implicit requirement of materiality is that the new evidence "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §416.1470(b).

2004, that Johnson "should not return to work until further evaluation." The ALJ discredited this opinion because it "identified no medical reason for its conclusion, gave no period to which it applied, and did not specify the kind of work that should be avoided."[18]

In his post-hearing submission, Dr. Sexton outlined his diagnosis of Johnson's pulmonary impairments and opined that Johnson "will not be able to perform vigorous or strenuous physical activity for any length of time." Johnson considers this supplemental statement *material* "because it . . .provides the ALJ with the information he felt that he was lacking in accepting Dr. Sexton's opinion." Because Dr. Sexton's supplemental opinion "is not inconsistent with the ALJ's determination that Plaintiff could return to his past relevant work . . .", the Commissioner argues the absence of any " reasonable possibility that [it] would have changed the ALJ's decision."[19]

The Commissioner is correct. While Dr. Sexton does identify the nature and duration of physical activity precluded by Johnson's diagnosed impairments, he fails again to undergird his supplemental opinions. Moreover, his opinion that Johnson cannot perform "vigorous or strenuous physical activity" is not inconsistent with the ALJ's assessment.[20] Johnson has failed to establish the materiality of his post-hearing proffer, and accordingly, remand is not warranted.[21]

---

[18]R. 18;181.

[19]R. 205;  *Pl.'s Br.* at 9-10; *Def.'s Br.* at 8.

[20]Attachments to Johnson's reply brief report a favorable decision on his subsequent application for disability. The court declines his invitation, however,  to speculate that the outcome is traceable to his submission of  Dr. Sexton's April 19, 2005  letter on that application. (*see Pl.'s Reply Br.* at 7). Instead, the analysis is limited properly to the "materiality" of that submission on this application.

[21]While this court's conclusion rests on the "materiality" prong, this record also demonstrates no "good cause" for Johnson's failure to submit Dr. Sexton's "new" statement at the administrative level.  The "good cause requirement reflects a congressional determination to prevent the bad faith

## V.  CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, the court finds the decision of the ALJ supported by substantial evidence and a proper application of the law. Accordingly, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.

Done this 11th day of October, 2006.

>            **/s/ Delores R. Boyd**
>            DELORES R. BOYD
>            UNITED STATES MAGISTRATE JUDGE

---

manipulation of the administrative process."*Milano v. Bowen*, 809 F. 2d 763, 767 (11th Cir. 1987). Procrastination in securing readily obtainable evidence does not constitute the "good cause" contemplated. *Caulder v. Bowen*, 791 F. 2d 872, 879 (11th Cir. 1986). Johnson offers only the fact of his post-decision receipt of this evidence without explaining his neglect to acquire and present it prior to the ALJ's decision or the deadline for submission to the Appeals Council. Johnson has been represented by the same counsel since at least October 2004, and his relationship with Dr. Sexton commenced in October 2003.